IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE TRACKING OF ) <br> A GREY IN COLOR 2015 CHRYSLER 200, ) <br> MICHIGAN LICENSE PLATE ) <br> (DGK0690), VEHICLE IDENTIFICATION ) <br> NUMBER: 1C3CCCAB0FN502982 ) | Case No. 1:16-mj-198 <br><br> AFFIDAVIT <br><br> **UNDER SEAL** |

Your Affiant, Derek Davis, being duly sworn, deposes and states as follows:

1. Your Affiant is a Special Agent (SA) with Homeland Security Investigations (HSI) assigned to the office of the Resident Agent in Charge, Minot, North Dakota. Your Affiant has been employed by HSI since January of 2006. Your Affiant has a Bachelor of Science degree in Criminal Justice from the University of North Dakota Grand Forks, North Dakota, and has successfully completed the Criminal Investigator Training Program and HSI Special Agent Training and the U.S. Customs Inspector Training all located at the Federal Law Enforcement Training Center in Glynco, Georgia. Prior to his employment with HSI, your Affiant was a U.S. Customs Inspector within the U.S. Customs Service, Department of Treasury for three plus years. Your affiant previously worked as a Special Agent assigned to a DEA Task Force in Minneapolis, Minnesota. As a Special Agent, your Affiant is responsible for enforcing federal criminal statutes and has received training and actual experience relating to Federal Criminal Procedures, Federal Statutes, and HSI Regulations. The information contained within the affidavit is based on your Affiant's training and experience, and information obtained from other law enforcement agents involved with this investigation, North Dakota Bureau of Criminal Investigation (NDBCI) Agent Craig Sandusky, and Ward County Narcotics Task Force (WCNTF), Task Force Officer Jason Bambenek.

2. As a Special Agent, your Affiant is responsible for enforcing federal criminal

statutes to include the importation, sale, distribution and possession of controlled substances. Pursuant to Title 21, United States Code (USC). Your Affiant has received training and actual experience relating to Federal Criminal Procedures, Federal Statutes, and HSI Regulations. Additionally, your Affiant has received training and instruction in international and interstate narcotics investigations, along with international and interstate financial investigations. The information contained within the affidavit is based on your Affiant's training and experience, and information obtained from other law enforcement officers and agents involved with this investigation.

3. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device in/on a gray in color, 2015 CHRYSLER 200, bearing Michigan license plate DGK0690, with Vehicle Identification Number 1C3CCCAB0FN502982, ("the SUBJECT VEHICLE"). Based on the facts set forth in this affidavit, I believe that the SUBJECT VEHICLE is presently being used in furtherance of violations of Title 21, United States Code, Sections 841(a)(1) and 846 (distribution of controlled substances, and conspiracy) and that there is probable cause to believe that the installation of a tracking device in/on the SUBJECT VEHICLE and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

1. Because this affidavit is being submitted for the limited purposes of supporting a search warrant, your affiant has not included each and every fact known concerning this

investigation. It would be nearly impossible to include all known factual information in this affidavit. Instead, your affiant has provided a general overview of the investigation and has set forth only the specific facts necessary to establish probable cause to support the installation of a tracking device in/on the SUBJECT VEHICLE that is registered to Samual Anthony Randazzo, DOB 02-15-1966. Multiple targets of the drug investigation drive the SUBJECT VEHICLE. The following paragraphs contain evidence to support the individual in question is involved in the distribution of controlled substances utilizing the above vehicle. Where statements of others are set forth in this affidavit, they are set forth in substance and are not verbatim. The information contained in this affidavit is based on your affiants own personal knowledge, information gained through training and experience, in addition to information made and obtained by other law enforcement agents, witnesses and documents.

## PROBABLE CAUSE

2. In February 2015, the Ward County Narcotics Task Force (WCNTF) and Minot branch of HSI began an investigation involving a large scale oxycodone drug trafficking organization operating between the Detroit, Michigan area, and the cities of Minot, Bismarck, and New Town, North Dakota.

3. On 05-24-2016, members of the WCNTF conducted an interview of Antonio Pentecost at the Ward County Jail. Task Force Officer Jason Bambenek had earlier contact with Pentecost on October 27, 2015, at the Minot Amtrak Station. Pentecost was traveling from Minot, North Dakota to Detroit, Michigan. $20,020 in bulk U.S. currency was seized off of an individual traveling with Pentecost as suspected drug proceeds. Pentecost was arrested on 5-24-2016 in possession of approximately 700 30 mg oxycodone tablets. Pentecost explained he had been working for Darius Sledge and Baquan Sledge for approximately one

year. Pentecost explained they would obtain oxycodone in Detroit, Michigan and transport the oxycodone to Minot, North Dakota by vehicle. Once the oxycodone was sold, the same vehicle would transport the money back to Michigan. The organization quit utilizing Amtrak to transport money and oxycodone after the local task force made multiple seizures at the Minot Amtrak station. Pentecost stated a Chrysler 200 with Michigan Plates was located at 1714 35th Ave SE Minot, ND. Pentecost stated the Chrysler was the vehicle being used to transport the oxycodone and currency to and from Minot, ND.

4. On 05-25-2016, your Affiant observed the SUBJECT VEHICLE at 1714 35th Ave SE. Your Affiant observed the SUBJECT VEHICLE had a Michigan license plate DGK0690. The SUBJECT VEHICLE has a VIN number of 1C3CCCAB0FN502982. The SUBJECT VEHICLE is registered to Samual Anthony Randazzo. Randazzo is from Waterford, Michigan.

5. In order to track the movement of the SUBJECT VEHICLE effectively and to decrease the chance of detection, I seek authorization to place a tracking device in/on the SUBJECT VEHICLE while it is in the District of North Dakota. Because the SUBJECT VEHICLE may remain parked in driveways and on other private property, it may be necessary to enter onto private property and/or move the SUBJECT VEHICLE to effect the installation, repair, replacement, and removal of the tracking device.

6. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours.

7. In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following

installation of the device. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## AUTHORIZATION REQUEST

8. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of the Homeland Security Investigations or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device in/on the SUBJECT VEHICLE within the District of North Dakota within 10 days of the issuance of the proposed warrant; to maintain, repair, and/or replace the tracking device as necessary; and to remove the tracking device from the SUBJECT VEHICLE after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter and/or move the SUBJECT VEHICLE to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the District of North Dakota.

9. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously

jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

10. I further request that the Court seal the warrant and the affidavit and application in support thereof, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office and may be served on Special Agents and other investigative and law enforcement officers of Homeland Security Investigations, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant. These documents pertain to and discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation. Sealing these documents will also better ensure the safety of agents and others.

_____
Derek Davis, Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this 27th day of May, 2016 by telephone conference.

_____
Charles S. Miller Jr.
United States Magistrate Judge